UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stacey Mouton,<br><br>                        Plaintiff,<br>v.<br>Wells Fargo Bank et al.,<br>                        Defendant. | Case No.: 3:16-cv-02260-BEN-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING COMPLAINT** |

On September 7, 2016, Plaintiff Stacey Mouton filed a civil complaint and a motion to proceed *in forma pauperis* ("IFP"). (Docket Nos. 1-2). For the reasons stated below, Plaintiff's Motion is granted and the Complaint is dismissed without prejudice.

**I.    Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without

1

3:16-cv-02260-BEN-NLS

prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff is a full-time student and does not receive any income. (Docket No. 2 at ¶¶ 1, 11.) She pays rent, utilities, food, and other monthly expenses amounting to a little over $1,700.00 per month. (Docket No. 2 at ¶ 8.) Accordingly, Plaintiff has sufficiently stated that she cannot afford to pay the filing fee. (Docket No. 2 at ¶ 11.) The Motion is therefore **GRANTED**.

## II.  Section 1915 Screening

### A. Legal Standard

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Discussion

Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

Here, Plaintiff alleges claims of racial discrimination, sexual discrimination and retaliation, pursuant to title VII of the Civil Rights Act of 1964, against her former employer and some of her former co-workers. (Compl. at p. 1.) A plaintiff litigating a Title VII claim in a federal district court is required to exhaust her administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976)). This includes including regulatory and judicially imposed exhaustion requirements. *Id.* The procedural requirements for Title VII actions are "neither interpreted too technically nor applied too mechanically." *Id.* (citing *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) (internal citations omitted).

///

1    Generally, a Title VII complainant must file a complaint with the Equal
2    Employment Opportunity Commission ("EEOC") within one hundred and eight (180)
3    days of the alleged violation. 29 C.F.R. § 1601.13(a)(1). If a complainant's charges arise
4    in a jurisdiction that has a FEP agency, alternative procedures may apply. 29 C.F.R. §
5    1601.13(a)(3). An FEP agency is "a State or local agency which the Commission has
6    determined satisfies the criteria stated in section 706(c) of title VII." 29 C.F.R. §
7    1601.3(a).
8    According to Plaintiff's Complaint, all of the alleged discriminatory and/or
9    retaliatory conduct occurred in Atlanta, Georgia. (Compl. at pp. 2-5.) The conduct
10   discriminatory and/or retaliatory occurred between January or February 2014 and August
11   2014, with the most recent violation occurring "[a]t or around August 2014." (*Id.*) Thus,
12   all potentially actionable charges occurred in the State of Georgia.
13   The Court's review of the EEOC website reflects that there is an EEOC office in
14   Atlanta, and there is no FEP agency with jurisdiction over Plaintiff's charges. Therefore,
15   Plaintiff was required to file a complaint with the EEOC office within one hundred and
16   eighty (180) days of each of the alleged violations. 29 C.F.R. § 1601.13(a)(1). Plaintiff's
17   Complaint does not indicate whether she had filed a complaint with the EEOC office for
18   any of the alleged violations. As a result, Plaintiff has failed to state a claim because she
19   failed to establish that she exhausted all of her administrative remedies, which is a
20   prerequisite to her title VII claims. *Greenlaw, supra*, 59 F.3d at 997 (9th Cir. 1995)
21   (citations omitted).
22   Accordingly, the Complaint is **DISMISSED**. However, the Court grants Plaintiff
23   leave to file a First Amended Complaint that cures the deficiencies noted above.

## CONCLUSION

25   Plaintiff's Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED**
26   **without prejudice** for failing to state a claim. Plaintiff is granted thirty (21) days from
27

the date of this Order to amend her Complaint. If Plaintiff does not file an amended complaint, this action shall remain closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED: 11/4/2016

HON. ROGER T. BENITEZ
United States District Court Judge